IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUSTEEL USA, INC., *et al.* | § | |
| | § | |
| *vs*. | § | C. A. NO. H – 13 – 1878 |
| | § | ADMIRALTY |
| SAGA FOREST CARRIERS | § | |
| INTERNATIONAL AS | § | |

### *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Husteel USA, Inc. ("Husteel") and Hyundai Corporation (USA) ("Hyundai"), file this Original Complaint against Defendant SAGA Forest Carriers International AS, *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.      This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts.  Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. §1333(1).

2.      Husteel is a California corporation with its principal place of business in Anaheim, California.

3.      Hyundai is a Delaware corporation with its principal place of business in Gardena, California.

4.      At all times material, Defendant owned, chartered, managed and/or operated the M/V SAGA BEIJA FLOR and M/V SAGA VOYAGER as a common carrier of goods by water for hire between various ports, including the Ports of Ulsan, South Korea, Los Angeles, California, Vancouver, Washington and Houston, Texas.  Defendant is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing torts in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Defendant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Defendant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiffs' action arises under federal law and Defendant has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Defendant is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Defendant with a summons is effective to establish personal jurisdiction over it. Defendant can be served by serving the Texas Secretary of State.  Process or notice can be sent to Defendant at its home office located at P. O. Box 104 Borgheim, 3163

Nøtterøy, Norway.

5.      During 2010–2011, Plaintiffs' shippers tendered in good order and condition to Defendant at Ulsan, South Korea various cargos of steel pipe.  Defendant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at various ports as described below the cargos in the same good order and condition as when received, in consideration of paid freight charges.  Defendant acknowledged receipt of the cargos in good order and condition and loaded them respectively aboard the M/V SAGA BEIJA FLOR and M/V SAGA VOYAGER in good order and condition and, accordingly therewith, issued the following bills of lading free of exceptions or other notations for loss or damage:

| Vessel | Bill of Lading Nos. | Discharge Port |
| --- | --- | --- |
| SAGA BEIJA FLOR | SFCRUSNLAX 4400 42 | Los Angeles |
| SAGA VOYAGER | SFCRUSNLAX 3500 01–02, 44–45 | Los Angeles |
| SAGA VOYAGER | SFCRUSNVWA 3500 67–69, 83, 97 | Vancouver |

6.      When the vessels arrived at their respective destination ports, where Defendant later discharged the cargos, the cargos were not in the same good order and condition as when received but, on the contrary, parts of the cargos were dented, bent, nicked, gouged, smashed, crushed, out of round, compressed, wet, rusty, corroded, contaminated, stained, scratched, missing, short and otherwise physically damaged. The damages and losses proximately resulted from Defendant's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the

duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V SAGA BEIJA FLOR and M/V SAGA VOYAGER.

7.      Plaintiffs proximately have sustained damages exceeding $98,628.09 plus interest dating from the respective dates of loading, demand for which has been made upon Defendant but which it refuses to pay.

8.      At all times material, each of the Plaintiffs owned the respective cargos and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Husteel USA, Inc. and Hyundai Corporation (USA), pray that this Honorable Court adjudge that Defendant SAGA Forest Carriers International AS is liable to Plaintiffs for their respective damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:       (713) 864–2221
Facsimile:        (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS   FOR   PLAINTIFFS

5